SUMMARY ORDER

Petitioner Jiao Long Lin, a native and citizen of the People’s Republic of China, seeks review of a November 8, 2007 order of the BIA denying his timely motion to reopen. In re Jiao Long Lin, No. A077 282 968 (B.I.A. Nov. 8, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin’s timely motion to reopen.
Lin argues that the agency erred in concluding that he failed to demonstrate his piima facie eligibility for relief. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its'conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and againf,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Further, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of Lin’s evidence as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
Additionally, the BIA’s determination that Lin was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).